UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
FREDY VASQUEZ-LOPEZ,

                Petitioner,

       -against-

PAM BONDI *et al.*,

                Respondents.
----------------------------------------------------------------x

**MEMORANDUM AND ORDER**
26-CV-1369 (OEM)

ORELIA E. MERCHANT, United States District Judge:

      On March 9, 2026, Petitioner Fredy Vasquez-Lopez ("Petitioner") commenced this habeas corpus action against Respondents Pam Bondi, in her official capacity as Attorney General of the United States; Kristi Noem, in her official capacity as Secretary of the Department of Homeland Security; Todd Lyons, in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement ("ICE"); and Brian Flanagan, in his official capacity as Acting Deputy Field Office Director for ICE in the New York City Area (collectively, "Respondents"). *See generally* Petition for Writ of Habeas Corpus, Dkt. 1 ("Petition" or "Pet."). Petitioner seeks his immediate release pursuant to 28 U.S.C. § 2241 and challenges the lawfulness of his ongoing detention by ICE under the Immigration and Nationality Act, the Administrative Procedure Act ("APA"), and the Fifth Amendment of the U.S. Constitution ("Fifth Amendment"). *Id.* ¶¶ 8-10. Petitioner was arrested by ICE on March 9, 2026, and is currently detained at the Metropolitan Detention Center in Brooklyn, New York ("MDC Brooklyn"). Declaration of Mincheol N. So ¶¶ 7-8, Dkt. 6-1 ("So Decl.").

      For the following reasons, Petitioner's request for release from custody is granted, and Respondents are ordered to immediately release Petitioner from custody.

# BACKGROUND[1]

Petitioner is a citizen of Guatemala. Pet. ¶ 1; So Decl. ¶ 3. "On October 14, 2021, a United States Border Patrol agent encountered Petitioner near the United States-Mexico border. Petitioner returned to Mexico under 42 U.S.C. § 265." So Decl. ¶ 4. Petitioner then re-entered the United States "on an unknown date at an unknown location." *Id.* ¶ 5. Petitioner asserts that he has lived in the United States since approximately 2023. Pet. ¶ 1.

ICE officers "encountered Petitioner while conducting a vehicle stop during a targeted enforcement operation" on March 9, 2026, So Decl. ¶ 5, while Petitioner was on his way to work, Pet. ¶ 4. "At the officers' request, Petitioner provided a New York State driver's license bearing Petitioner's name and date of birth." So Decl. ¶ 5. ICE officers subsequently "arrested Petitioner pursuant to a Form I-200, Warrant for Arrest of Alien . . . and transported him to ICE's intake processing facility in East Meadow, New York." *Id.* During processing, Petitioner allegedly "admitted that he had unlawfully entered the United States from Mexico without inspection or admission." *Id.* Petitioner was then served "with a Form I-862, Notice to Appear ('NTA') directing him to appear before an immigration judge on March 20, 2026. The NTA charged Petitioner as an alien present in the United States who has not been admitted or paroled." *Id.* Petitioner was subsequently transferred through several facilities until he arrived at MDC Brooklyn, where he remains detained to date. *Id.* ¶¶ 5-8.

# DISCUSSION

The instant Petition raises two principal issues: (1) whether Petitioner is detained under 8 U.S.C. § 1226 ("§ 1226") or 8 U.S.C. § 1225 ("§ 1225") and (2) whether Petitioner's Fifth Amendment due process rights have been violated.

---

[1] The facts of this case are undisputed unless otherwise indicated.

**A. Statutory Basis for Petitioner's Detention**

The Court is bound by a long line of U.S. Supreme Court precedent. *See Leng May Ma v. Barber*, 357 U.S. 185, 187 (1958) ("[O]ur immigration laws have long made a distinction between those aliens who have come to our shores seeking admission . . . and those who are within the United States after an entry, irrespective of its legality."); *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001) ("The distinction between an alien who has effected an entry into the United States and one who has never entered runs throughout immigration law."); *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018) (stating that § 1225(b) governs "aliens seeking admission into the country," whereas § 1226(a) governs "aliens already in the country" who are subject to removal proceedings). Thus, the Court's position on whether § 1226 or § 1225 applies in scenarios where a petitioner is detained after entering the country has not changed since deciding other 28 U.S.C. § 2241 immigration cases recently. *See, e.g.*, *J.U. v. Maldonado*, 805 F. Supp. 3d 482 (E.D.N.Y. 2025); *Artiga v. Genalo*, 25-CV-5208 (OEM), 2025 WL 2829434 (E.D.N.Y. Oct. 5, 2025); *Lira Caceres v. Shanahan*, 26-CV-00016 (OEM), 2026 WL 233215 (E.D.N.Y. Jan. 28, 2026); *Singh v. Maldonado*, 26-CV-00019 (OEM), 2026 WL 233216 (E.D.N.Y. Jan. 29, 2026); *Sanchez Atz v. Noem*, 26-CV-00214 (OEM), 2026 WL 320238 (E.D.N.Y. Feb. 6, 2026); *Peralta Acuapan v. Bondi*, 26-CV-00384 (OEM), 2026 WL 507889 (E.D.N.Y. Feb. 24, 2026); *Monge-Campos v. Bondi*, 26-CV-1056 (OEM), 2026 WL 603516 (E.D.N.Y. Mar. 4, 2026); *Gonzalez Guardado*, 26-CV-1170 (OEM), 2026 WL 670156 (E.D.N.Y. Mar. 10, 2026).

The Court is not persuaded by the authorities provided by Respondents, and the parties agree that there are no distinguishing facts as to Petitioner in this case. Letter from Respondents to the Court at 2-3 (Mar. 13, 2026), Dkt. 6 ("Opposition" or "Opp'n"); Pet. ¶¶ 22-36. Therefore, this Court joins the majority of courts in finding that detention of the nature at issue here cannot

be upheld under § 1225. *See Barco Mercado v. Francis*, 25-cv-6582 (LAK), 2025 WL 3295903, at *4 (S.D.N.Y. Nov. 26, 2025) (collecting cases). Mandatory detention under § 1225 is inapplicable to Petitioner, and he is subject to discretionary detention under § 1226. *See J.U.*, 805 F. Supp. 3d, at 490 (noting the mutual exclusivity of § 1225 and § 1226).

### B. Due Process

The Court now turns to whether ICE's detention of Petitioner violates his due process rights. The *Mathews* test governs this inquiry. *See Velasco Lopez v. Decker*, 978 F.3d 842, 851 (2d Cir. 2020) (applying the three-factor balancing test outlined in *Mathews v. Eldridge*, 424 U.S. 319 (1976), to determine the adequacy of process in the context of civil immigration confinement). The determination of what procedures are required under the Fifth Amendment requires consideration of: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews*, 424 U.S. at 335.

With respect to the first prong of the *Mathews test*, Petitioner invokes "the most significant liberty interest there is—the interest in being free from imprisonment." *Velasco Lopez*, 978 F.3d at 851 (citing *Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004)).

With respect to the second prong of the *Mathews* test, the record demonstrates that no individualized determination was made prior to or contemporaneously with the decision to detain him on March 9, 2026. *See* Pet. ¶ 36; Opp'n at 1-2. Respondents present no articulable facts as to why Petitioner is dangerous or a flight risk. *See* Opp'n at 1-3. Therefore, ICE did not engage in the required deliberative process during the initial decision to strip Petitioner of his liberty

4

interest, and the risk of erroneous deprivation of that interest is high. *See Chipantiza-Sisalema v. Francis*, 25 Civ. 5528 (AT), 2025 WL 1927931, at *3 (S.D.N.Y. July 13, 2025) (stating that ICE must engage in a deliberative process prior to or contemporaneous with "the initial decision to strip a person of the freedom that lies at the heart of the Due Process Clause"); *Lopez v. Sessions*, 18 Civ. 4189 (RWS), 2018 WL 2932726, at *11 (S.D.N.Y. June 12, 2018) (finding a risk of erroneous deprivation where the petitioner was re-detained absent a change in circumstances, procedure, or evidentiary findings).

As to the third and final *Mathews* prong, "the Attorney General's discretion to detain individuals under 8 § U.S.C. 1226(a) [sic] is valid where it advances a legitimate governmental purpose," such as "ensuring the appearance of aliens at future immigration proceedings" and "preventing danger to the community." *Valdez v. Joyce*, 803 F. Supp. 3d 213, 218 (S.D.N.Y. 2025) (first quoting *Velasco Lopez*, 978 F.3d at 854; then quoting *Zadvydas*, 533 U.S. at 690). Here, there is nothing in the record to suggest that Petitioner is a flight risk or a danger to the community. The record indicates that Petitioner has lived in the United States for approximately three years without incident. Pet. ¶¶ 1, 3, 36. Therefore, Respondents have failed to show a significant interest in his continued detention.

Taken together, Petitioner's ongoing detention violates his due process rights. *See Valdez*, 803 F. Supp. 3d at 219; *Lopez*, 2018 WL 2932726, at *15. Given the deprivation of Petitioner's liberty, the absence of any deliberative process prior to or contemporaneous with the deprivation, and the statutory and constitutional rights implicated, a writ of habeas corpus is the only form of

relief and the most appropriate remedy. *Valdez*, 803 F. Supp. 3d at 219; *Lopez*, 2018 WL 2932726, at *15.[2]

## CONCLUSION

For the foregoing reasons, Petitioner's request for immediate release from custody is granted. Respondents are ordered to immediately release Petitioner from custody. By March 14, 2026, Respondents shall certify compliance with this order by filing on the docket and noting specifically that Petitioner has been released.

The Clerk of Court is respectfully directed to enter judgment in accordance with this order and close this case.

SO ORDERED.

                                                                             */s/*
                                                               ORELIA E. MERCHANT
                                                               United States District Judge

March 13, 2026
Brooklyn, New York

---

[2] Because the Court determines that Petitioner's detention violates his due process rights, it need not address his remaining claims. *See, e.g.*, *Valdez*, 803 F. Supp. 3d at 217 n.4 (declining to address remaining APA and Immigration and Nationality Act claims after determining that the petitioner's detention violated due process).